

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 19, 1939

Hon. J. N. Allen
County Auditor
Hunt County
Greenville, Texas

Dear Sir:

> Opinion No. O-429
> Re: Whether county auditor can
> legally pay or authorize the
> payment of a school warrant
> issued by the trustees payable
> to a son and son-in-law of a
> member of the board of trustees.

Your letter of May 15, 1939 containing a request for an opinion from this department reads as follows:

"I have been presented for my approval, a warrant issued on a common school district of this county, which warrant has been properly signed by the President and Secretary of the school board, and made payable to the President of the board's SON and SON-IN-LAW, who are partners of firm doing repair work. This account growing out of repairs done on school bus.

"Can I legally pay, or authorize the payment of a school warrant issued by the trustees payable to a son and son-in-law of a member of the board of trustees?

"In case this cannot be legally handled, would it be lawful to make such payment after the resignation of the Payee's relative from the board?"

Our attention is directed to Article 432 of Vernon's Penal Code of Texas, 1925, which reads as follows:

"No officer of this state or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this state, or any officer or member of any state, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this state, or any member of the legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

The officers included within the above mentioned nepotism statute are enumerated in Article 433, Penal Code, among whom are included members of school boards. The above article prohibits any member of the school board from appointing, voting for or voting to confirm the appointment to any office, position, clerkship, employment or duty of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointed or so voting, or to any other member of any such board. This last expression makes the law applicable to all members of the school board and prohibits their voting for any person so related to any member of the school board.

The warrant in question drawn for the purpose of paying moneys out of public funds to a son and son-in-law of a member of the school board, pursuant to employment, is in violation of the above statute. Father and son are related within the first degree of consanguinity and father and son-in-law are related within the first degree by affinity.

The county auditor is prohibited by law from auditing or approving any claim unless it has been contracted "as provided" by law. (Art. 1661, R. C. S. 1925)

The resignation from the board of the relative member of the payee of said warrant unlawfully drawn would not make lawful or authorize the approval of same by the county auditor.

It is therefore, the opinion of this department that a county auditor is unauthorized to approve for payment a warrant issued to son and son-in-law of a member of the board of trustees of a common school district in violation of Article 432, Vernon's Penal Code of Texas and the resignation of such member relative of said board would not make the approval for payment lawful.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

WmK: AW

APPROVED:

_____
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN